If it pleases the Court, Jeffrey H. Greenberg for the appellants in this case, Michael and Grace Weistrach. Mr. Weistrach is present in the courtroom in the blue blazer. Your Honors, I see the central issue in this case as whether or not the district court judge could disregard the allegations of the verified complaint and the memorandum in support of the issuance of a preliminary injunction that was in the file when he granted summarily the defendant's motion to dismiss. Let me ask you a couple of questions. Where does the due date with regard to the response to the motion to dismiss, where is it in the record? Where does it come from? How do we know what it is to begin with? I understand there seems to be some general agreement that it was March 7th, but why? I'd like to say there's no answer to that question, Your Honor, very much, but I would be inclined to say that we're supposed to file an opposition to that motion to dismiss under the state law rules within, I believe, 10 days of the filing of the motion. Is that the state rule? I'm not precisely sure whether it's 10 or 15. Does it run from the filing of the motion or does it run from backwards from the date of that? I mean, Judge Baez should know the answer to this. I don't. But does it run from backwards from the date that the hearing is noticed? I understand that there was a March hearing, a March 28th hearing noticed on the motion to dismiss. That obviously never happened because the case was removed. That's correct. And so what happened here is that, well, I do – what happens is that I receive – first of all, I'm getting ready on Friday to present evidence on a preliminary injunction matter on a complaint that alleges that there was a contract. My client is a consultant for this public company. He's been given 150,000 shares of stock and warrants for another 150,000 shares and he went out and did work and now there – he needs to get his stock released. And when was the motion for a preliminary hearing set – for a preliminary injunction set for hearing? It was set for hearing on February 5th. And on February 3rd, I received a motion to dismiss. Now that motion to dismiss claimed that Mr. Weistrack couldn't prevail because he didn't have a securities broker's license. And so in response to that motion, recognizing that the trial judge on the preliminary injunction hearing was going to pay attention to any legal defenses raised, I filed a memorandum in support of our application for preliminary injunction. And that memorandum specifically addressed the licensing issue. Okay. And the case gets removed. Now, we have no Ninth Circuit law that really addresses the question of what happens to State-set deadlines at that point, right? That is correct. And so what happened on my end, and before I proceed any further to argue that the trial court erred, what happened on my end is that when it got removed, we didn't have anything calendared because I was – I pulled the motion because I wanted to respond to it out of the normal system of calendaring. But as it turned out, the – any such due date of the motion – I gather that when the thing went over to Federal court, the district court also didn't know that there was any motion to dismiss pending at all, apparently, because it didn't really appear on the docket of the Federal court, right? Well, that's correct, Your Honor. And if you look at the record, you see that what happens is for some unknown reason, and probably just a general administrative looking at the caseload, the judge issued an order to show cause for Faye to prosecute and basically invited me to file a default against the defendants. And of course, so he didn't even know at that point. He didn't know, I gather, because if he looked at the docket, he wouldn't have known. Is that right? If he had looked at the docket, what would he have known? I can't say off my recall, right, the second you're asking. Oh, I looked and it appears in some strange or dental way, but not as part of the regular docket. And so that coincides with the fact that he's sending out a notice to show cause while you're not proceeding with the case and you're invited to enter into default, and there's no concept that there is a pending motion to dismiss until the defendants give notice and say we've had this pending. Yes, Your Honor. Were you not served with a notice that the case had been removed? Yes, Your Honor. Was there not included in the papers the notice to dismiss, which had been filed in the state court? Yes, Your Honor, the motion to dismiss. So that was your second chance, right? The first chance was when it was in state court to respond to the motion to dismiss. You were working on your preliminary injunction and didn't respond. The second chance was when you received the notice of removal, which had the motion to dismiss appended. Now, there is some jurisdiction, there is some jurisprudence that pending motions in the state court remain pending when the case is removed to federal court, correct? Why didn't you take up your response to that motion to dismiss when you received the motion papers, pardon me, the removal papers? Your Honor, it didn't trigger in my mind that we hadn't responded to the motion to dismiss because I addressed the issues that are in that motion and it wasn't on my calendar anywhere and I wasn't, that's what happened. I'm not saying that I didn't address the motion. You addressed the issues with your memorandum of points and authorities in opposition to the issuance of a preliminary injunction, right? The issues addressed in the memorandum in support of the preliminary injunction were directly responsive to the issues raised as to why the case should be dismissed, which were that, number one, we weren't entitled to injunctive relief because of the damages would do and, number two, there was no securities broker's license. But, in fact, at the time of the removal, you weren't late in answering the motion to dismiss, is that right? No, because it's ambiguous, I guess, under state rules and I can tell you the normal practice would be that as long as you file your response before the hearing, you're going to be okay, but I'm not. Now, there was a hearing set. Has anybody ever claimed that that hearing they carried over? Did the plaintiffs, did the defendants show up at a hearing on March 28th in federal court? No. No one did. Presumably, nobody would do that, right? You wouldn't really think that the date of the hearing was going to carry over. That's right. Under the removal statutes, the proceedings of state court could not proceed any further. So why do you think that your date to answer it didn't carry it over? I mean, that's the part, I mean, maybe it did and maybe it didn't, but how does anybody know the answer to that question? I agree, Your Honor. There's nothing concrete that says that there was a specific answer due, but I think that going on from that point, which maybe I shouldn't go any further. I mean, the motion to dismiss clearly carries over, it seems to me. But even that we don't have Ninth Circle law, but let's assume that you take the case and there is Ninth Circle law that says generally you take the case in the state that you find it and the state that you find it is a pending motion to dismiss. But whether that carries procedural rules about when you answer a motion to dismiss with it and whether it carries procedural rules about when the hearing is, is another matter. Well, I think you are correct and in most of the cases in federal court what happens is that you're going to receive a calendaring notice from the district court judge and you're going to go over where you are in the case. And unfortunately, of course, there's no good reason for the case getting basically put aside for a while and not getting noticed, but that is the standard procedure that happens and is a contributing factor, I'm sure, to what, you know, why we're here. But in fact, if you took literally the fact that the case, that everything carried over, there would have been a hearing on March 28th and there wasn't one. That is correct. I'd like to say that we have a minute left and we'll give you a little extra time. Let me just tell you what else I don't understand about this whole situation. Ordinarily, we have this local rule and we have a case applying the local rule, Gravala, pretty fiercely. But we also have a whole lot of cases about summary judgments are different and we also have a whole lot of cases saying that under Rule 41 and under Rule 37 and under inherent authority, dismissing a case is a very big deal. You only do it if you meet five factors. Do those five factors apply here? Does the summary judgment rule apply here? And if not, why not? Well, I think that if you look at the summary judgment rule, it's a very good analogy and... Well, there wasn't summary judgment, it was summary dismissal. That's correct. But I think that the Justice's question is drawing out the fact that we have to stand on a motion to dismiss that you don't dismiss a complaint unless you're convinced that there's no way that the plaintiff can reframe his factual allegations to set forth a legally cognizable claim. It doesn't happen. And leave to amend is freely granted. And then we have this rule on summary judgment where now we've had a complaint, we've had an answer, we may or may not have had discovery and the motion for summary judgment is filed. And let's say there's no response filed. And then the rule is explicit. Rule 56 requires the court to look at everything in the file and to only grant the summary judgment if the court concludes that the moving party is entitled to judgment as a matter of law. And response or no response, local rule or no local rule. But yet we seem to draw a line with regard, because of this Gravala case, we say but summary motion to dismiss are different with regard to the consent rule. There's no explanation as far as I can tell. Well, and it would seem that the level of concern, I mean, if you look at the case law regarding Rule 12, there's a very strong policy of not dismissing claims because of a problem with a complaint. And perhaps the rule makers, when they wrote Rule 56, felt that Rule 12 was already covered strongly enough that they didn't have to say you have to read the complaint before you can grant and conclude sua sponte, regardless of the defense, whether it's going to state a claim like they do in Rule 56. And so I think that in this case, where you do have a legal memorandum that does address the only way that the motion to dismiss could be granted under 12b-6, which is that the plaintiff needed a license. And it's clear that that inquiry is fact intensive. You cannot read the papers as a trial judge and decide that the plaintiff did or did not need a license to be able to receive the compensation that he was allegedly promised. And so when you have something in the file that directly addresses the very basis for a rightful dismissal, the trial judge ought to read it and consider it. And we asked him to consider it a response. I didn't say re-characterize it. Maybe that's a magic word. But I asked him to consider it a response. And in reality, in real life, its sole purpose of being filed the day before the hearing on the injunction was to respond to the allegation that the plaintiff could not recover because he didn't have a license. So under the facts of this case and under the circumstances of this case, I think you should find that the trial court abused its discretion in granting the motion to dismiss. Thank you very much. Good afternoon. My name is Dennis Rosen, and I represent the appellees. As a first item, what about the argument that's just been made that there was a legal memorandum in the file that presumably the district court did not read? Is there an answer to that? There's a couple answers to that. The first is that I'm not so sure it wasn't read. There's nothing in the file that says it wasn't read. And in fact, the last order of Judge Burry was that even if I considered your motion to reconsider, I still would grant the motion to dismiss, which to me presumes that he must have read or looked at everything before his final order. And the final order says it is ordered that the motion for reconsideration is denied. The reply would not have altered this Court's decision. Inasmuch as the court is inclined to grant plaintiff's motion for reconsideration, no response from defendants is required. I don't see anything about the merits. Well, you're right. It doesn't say that there. But when I'm reading that order, it seems to me that he obviously read the motion to consider. Right. And he read the motion to consider, and he decided that he was going to dismiss it the same way he did before, not that he was not going to consider the merits. He never said that. I understood the question to be, did he review the file? And I think this order says that he did. Well, I understand. But the implication of Judge Gibson's question was, did he review the file and consider whether it was that the merits of the motion to dismiss had – were valid. Right. We don't know. I mean, my answer was, no one knows from the record what he reviewed or he didn't review. No one knows. Now, is it your understanding that in granting a motion – a motion to dismiss for failure to answer under the local rule that the district court has to apply any form of – the factors that usually apply to terminating sanctions, say, with regard to Rule 41, with regard to Rule 37, et cetera? It's my understanding that Rule 7.2i applies to this case 100 percent. I understand that. It isn't what I asked you. I asked you, when you apply Rule 7.2i, can you simply – can you do so simply automatically, or does a district judge have to consider equitable factors? I think you can do it – In particular, the equitable factors that apply under a long line of cases with regard to dismissal sanctions. Okay. I think the answer is that a judge does not have to do it. And the district judge can simply say, you didn't answer, that's it? I think that's true. Doesn't Warren say otherwise? Doesn't the Warren case make quite clear that this is a discretionary decision? The Warren case, as I read it, says that it can be discretionary. It is discretionary with the judge. The judge can do whatever he wants to do. And it goes there into the fact that there were 40 motions that weren't answered and that he did get notice that there was going to be a dismissal if the notices – the same sorts of factors that are considered under Rule 41, under Rule 37, and so on. Here, as far as one can tell, the judge considered nothing. He didn't consider that there was a legal response in the response in the preliminary injunction papers. He didn't consider the fact that it was very unclear what the due date was here. He didn't consider the fact that we don't have any case law saying what happens when a case comes over from – with a response to a motion to dismiss. He didn't consider the fact that there was a noticed hearing that didn't happen which certainly suggested that the whole thing wasn't simply being carried over. I don't know that I agree with your characterization. I think the judge for sure considered that some response was necessary to this motion, that some moving along of this – how this all started was the judge or the judge's law clerk or whoever it was obviously picked up the file after having to file whatever the judge has filed it to say what cases are dragging along and said, oh, my God, this case has been sitting here for a hundred days. And the whole fault was it wasn't a real fault out of the judge. Doesn't – isn't it true that ordinarily when a case comes over and is removed, that there's a status hearing of some sort set to figure out where the case is and what we're going to do with it? Typically in a removal case – Yes, is the answer. No, well, no, I don't think the answer is yes. I think it depends on when it gets removed. This case was very different than any removal case I've ever had. We had a hearing in state court over my objection, and the judge made some rulings already and made some denials of their motion for preliminary injunction. The plaintiff in this case testified that what he wanted, what he wanted in this case – and you've got the transcript – was he wanted the actual stock certificates. He didn't want money. He wanted the stock certificates, and he lost that part of the case. That was ruled against him in the preliminary injunction. At which point I did what I told the judge I was going to do, which was because of the diversity and the other things, I was going to remove it to federal court, which I did. All right. Now, where does this – how do – where does the due date come from? The fact that the judge seemed to think there was a clear due date. Where is the due date? No one seems to know where it is. The due date comes from 7.2i, the most liberal date that Jeff could have had. The most liberal date he would have had is, forget the State date, let's start a new date. The motion is pending as of the date it gets removed. And according to Rule 7.2, it gets 10 days. Well, that's not so obvious it wasn't filed in federal court. It's not obvious. There's nothing obvious about this. What are you suggesting the due date was? I'm suggesting that the due date was 10 days plus 3 days for mailing, or 10 days after removal. And what date was that? Would be the most liberal date. And what date was that? That would be – well, whatever the date was for removal. The removal was February 15th, I think, is when I filed my notice of removal. All right. So that would have been before – I thought the date that was running around in briefs was March 7th. Where was that brief date coming from? I think the March 7th date was the date that we had set for the oral argument. No, you set it for March 28th. I'm sorry. Okay. All right. And what I want to know is, if this is all so, why did you show up on March 28th to argue it, if everything is just moving over like that? My March 28th date was before the State court was judged. Exactly. As was whatever due date there was on the motion to dismiss. But the motion to dismiss was now in the federal court. Correct. And you're just making some assumption, which there's no case law to support, that the motion to dismiss is now being sort of somehow magically refiled on the day that you – that you remove it, and that the date to answer it then runs from that date. But there's no case law saying that. It's not refiled. It was filed. It's pending. Okay. So where are we getting – It doesn't disappear. There was no clear due date for this answer to the motion to dismiss, was there? There was a – we can go argue what the dates were, but there was an outside date. The outside date was 10 days from removal. Why? Because it's pending. Okay. Otherwise, I mean, I can withdraw it. It's pending, but what does the answer do? When does the answer do in a new court in which it wasn't filed? It's in the court where it is now filed. When I removed it, it's there. So you're treating it as having been filed on the date of removal, then? That's your assumption. Yes. That's my – that would be the most liberal assumption for them, for them. Because otherwise, then, is the complaint also not filed because it was filed in state court? No. It's filed, but that doesn't determine what the – Wouldn't I have an answer date? What states are? Wouldn't I have an answer date? Even if it got removed, I'd have an answer date. What would the answer date be? My answer date would be from the time of removal. Do we have case law saying that? Yes. Where? I think we do. I don't think so. So that – in other words, in this – I don't know what the answer is. All I'm saying is that in a case where we don't have clear case law and the answer is not self-evident, does dismissing a case for a late answer make sense? Well, I guess the first question is, is any answer ever due? Did I have to – I mean, by that reasoning, do I have to then refile my motion? Well, I think it's fair to say that this Court has never addressed the issue which we're facing now. We have some language in the Butner v. Neustadt case saying the federal court takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court. And your position is when the removal takes place, you've got 20 days to answer the complaint. Under Local Rule 7.2, you've got 10 days to answer a motion because it – that's the start date. At best, I think any dates that were set by the state court do not limit the federal court. Federal court time rules apply, right? I would agree with that. I would agree with that. But did the district court say that? Did he have any – he says there was a clear due date. Does he say what it was? I don't think he says what it was. He says it – what he says is 100 days went by and nothing happened. That's what he says. That's what his order says. This case has been sitting around for 100 days, and then he goes off on his ruling. And his ruling is based on 7.2. Well, he says the plaintiff's response to defendant's motion to dismiss was due March 7th, 2005. Where does he get March 7th? Because if the motion for the removal occurred February 15th, and you've got 10 days plus 3 for mailing, then the response date should be February 28th, not March 7th. Where do you get March 7th? I think because it's less than 11 days, the weekends don't count. Do you think if you did it at that, it comes to March 7th? I think that they're counting under the Federal counting rule where weekends and holidays for matters that are 10 days or less don't count. So I think that's where the – Judge Bea, I think that is where the date comes from. I got it. I think it's not – I haven't gotten a calendar, but I'm – I don't think it's 10 calendar days. I think it's 10. Well, you're right about how you figure, but I don't know. I don't know how it would come out. I just don't know. Right. Right. But I think that's where that date comes from. I think it's the calculations by not counting the weekends. And whether that was done correctly or not, I don't know. And just two more things. Do you have any explanation for why we would have – allow the application of a local rule like this on an automatic basis with regard to motions to dismiss and then insist that regard to motions to summary judgment, both of which are terminating the case, that it can't be done that way? It can't be done which way? In its automatic fashion without looking at the merits. I mean, that's the case – that's our Ninth Circuit rule. I guess my problem is – well, first of all, a motion to dismiss is different than a motion for summary judgment. It is, but in what relevant way? In the relevant way that you haven't pled a case. A motion to dismiss says read it. But the whole point is that the judge never looked to see whether he pled a case. How do we know that? We're assuming that. I don't know what he looked at or not. But you told me earlier that you thought he could just do it automatically without looking at the merits. Isn't your position in this case that you don't have to look at the merits? Is your position that you do have to look at the merits or you don't have to look at the merits? My position is it doesn't matter whether you look at the merits. All right. So that's your position. So therefore, we can assume that he didn't because your position would be it doesn't matter if he did. Right. Okay. So why is it, then, that he could do it without looking at the merits with regard to a motion to dismiss, but cannot with regard to a motion for summary judgment? He should look at the file. He should look at the file. He looked at the file. How would he have known that the motion to dismiss was pending? I don't mean look at it. I mean consider it. And not only that, I think you probably knew what I meant. Well, there's no response to the motion. The motion is unopposed. Okay. Does the file, if you look at it, and that's the rest of my brief, I said if you want to go look at it and make a decision, you could go look at it and make a decision. I still don't think that there's a case here. I understand. But we have absolutely no indication that the judge made that determination. That is correct. Right. And we don't know that he did the opposite either. We just don't know. Except that you asked him to because you're telling us that he could have and it was  You were asking me, should he have done it? Yes. I think he should have done it. Okay. I don't know that he did or didn't do it. All right. I don't know what he did other than make this order. Well, the order speaks for itself. Yes. And there's nothing in the order that suggests he had anything to do with the merits? What? In the last order that he does, though, it seems to me like he did look at the whole case. And we can argue about what that said, but when he says, I'm not going to look, it doesn't mean All right. Let's assume he didn't. Would that be okay? Yes is your answer. Yes. Why? Because I don't think the rules provide that a judge has to go through an entire file when motions are filed. The purpose of our motion We know that our case law is that with regard to a motion for summary judgment, he does. And therefore, I'm trying to find out why they're different. It would be helpful if you would answer the question. Yes. Because in a motion to dismiss, we're dealing with the issues of law, not mixed issues of fact and law. It's different. And that inquiry is directed to the adequacy of the complaint. Of the complaint only. Right. Okay. Fine. But you're saying he didn't have to consider the adequacy of the complaint. He can simply say you didn't answer, period. You lose. Just like if you don't file your notice of appeal on time. But not just like if you don't answer a motion for summary judgment. And I want to know why. The summary judgment has its own rule. It's 56. It's a separate special rule. I know it's a different rule, but I want to know why it's a different rule. I mean, it's a different rule. It has a different number. But why would we have a different approach to them? The summary judgment rules require a whole lot more in the way of form and substance and answering with the affidavits and stuff. It's a whole different thing. All the more reason why the judge shouldn't have to do it if there's no reason to do it. More work, not less work. But what you're then saying is under Rule 7.2, it's meaningless. It's meaningless. Well, actually, it does seem to me that that rule was probably originally intended not to deal with dismissals. That's a different question. And then the next question I wanted to ask you was with regard to dismissals as opposed to, you know, if you don't oppose a motion for continuance, we're going to assume you consent. That's a reasonable assumption. It's not a reasonable assumption to assume that somebody who's filed a case is consenting to having a dismissal without at least asking them. So it doesn't seem self-evident to me that the same rule applies. And Warren seems to say otherwise when you're talking about a dismissal as opposed to any other kinds of motions. And we have a whole set of case law about when you can file, when a judge can dismiss as a sanction, which requires going through a bunch of factors and not doing it automatically. Why should this be different? Why isn't this just inconsistent with all that case law? Because Rule 7.2 says in its last words. I know it does, but why is it valid in that regard? Warren is quite clear about the fact that it is discretionary. It is. And the judge goes through a reason why he decided under that. No, he actually didn't. He went through a lot of reasons why he didn't grant a motion to extend time, but he didn't go through any reasons why he then dismissed it as opposed to something else, like some other sanction. Well, I read his order respectfully to say under 7.2 that's why I dismissed it. That's what he says. That's not what he said. All right. Thank you very much. Thank you. The case of Weistrash v. Chersky is submitted.
judges: Berzon, Bea, Gibson